LOUIS ALBERT KLANDER V. THE STATE.

No. 23081. Delivered March 14, 1945.

The opinion states the case.

*Gordon A. Dotson* and *V. M. Toomey,* both of Houston, *for* appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,*

Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The death penalty was assessed by a jury upon appellant's plea of guilty to the charge of rape.

Four girls of the City of Houston, from ten to twelve years of age, went into a park along the bayou on the fourth day of August, 1944, for a picnic. After eating lunch they went down to a sand beach to wade and shortly after two o'clock the appellant appeared and took charge of them, stating that he was a sort of policeman employed by the city. He had a sharpened case knife, the end of which was ground to a point, and this weapon was used to force them to obey his commands. He carried them into some brush and told the girls to remove their clothing. Three of them were forced to turn their backs, a few feet away from him and the victim, while he forcefully ravished her. After this he marched them to another place, again made them undress and, after a period of approximately four hours, again ravished the same child. She was twelve years of age.

All of the elements of rape, as charged in the indictment, were proven. He was positively identified by the four girls and also by two boys and another little girl who saw him with them. On the night of August 11th he was arrested and taken to the police station where he made and signed a written confession. The officers had a description of the knife and of the clothing which he wore and appellant told them where they were and, following his direction, these articles were recovered in the room occupied by him and were introduced as evidence in the case. It is not necessary to further relate the horrible experience of these children. The evidence was presented to the jury upon his plea of guilty and they fixed the penalty in the case. There are no bills of exception and from the record, which we have carefully read, there appeared to be no occasion for any. The court's charge was appropriate and was submitted to the jury without objection. If there is a weakness in the testimony at any place we have not been able to discover it. The jury's verdict will not be disturbed.

The judgment of the trial court is affirmed.